# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40668
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JENNIFER ELLEN MARIE RODRIGUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:12-CR-546-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Jennifer Ellen Marie Rodriguez appeals her conviction for possession with intent to distribute methamphetamine. She contends that the district court erroneously denied her motion to suppress evidence seized from her car during a traffic stop.

The following facts show that the district court did not err in denying the motion to suppress: Trooper Garcia testified during the suppression hearing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that Rodriguez was driving her car northbound on Highway 281, a known drug smuggling corridor.  Garcia observed that, before he gave Rodriguez a warning ticket, she acted nervous, exhibiting shaking hands, goose bumps (on a hot day), and a quick mood change (from listening to loud music to crying).  Additionally, Rodriguez advised Garcia that she was traveling from McAllen to San Antonio to attend a funeral on a Sunday morning.  Garcia found this unusual because he had never heard of a funeral being held at that time.  Also, because he did not initially see any luggage or hanging clothes in the car or trunk, he believed that Rodriguez had not packed any clothing or toiletries for her trip.  Finally, Rodriguez, who advised Garcia that she was a college student, had paid cash for her newly purchased car.  Although Garcia learned that Rodriguez traded in her old car to buy the new one, he initially found it odd that a college student could pay cash for a car and was suspicious because he knew that drug traffickers used newly purchased cars to transport drugs. *See, e.g., United States v. Pack*, 612 F.3d 341, 352, 358 (5th Cir. 2010); *United States v. Brigham*, 382 F.3d 500, 506-12 (5th Cir. 2004) (en banc).

Rodriguez additionally contends that there were no intervening circumstances to break the causal chain between her illegal detention and her consent.  Because Rodriguez's consent was not preceded by an illegal detention, her argument cannot succeed.  *See United States v. Khanalizadeh*, 493 F.3d 479, 484 (5th Cir. 2007).

AFFIRMED.